**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VICKI NASH,

        Plaintiff,

v.

                                                 Case No. 16-14016

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant,
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Vicki Nash appeals from Defendant Commissioner of Social Security's denial of her application for disability insurance benefits. Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") (Dkt. # 19) advising the court to deny Plaintiff's motion for summary judgment (Dkt. # 14) and grant Defendant's motion for summary judgment (Dkt. # 18). Plaintiff timely filed Objections to the R&R (Dkt. # 20), to which Defendant responded (Dkt. # 21). After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections and adopt the R&R.

**I. STANDARD**

The filing of timely objections to an R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz,*

*447 U.S. 667, 673-74 (1980)*; *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," Walters, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance

and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

Plaintiff's objections are Part IV(a) and (b) of the argument section from her Motion for Summary Judgment (Dkt. # 14, Pg. ID 1047-1048) copied and pasted and rebranded as objections to the R&R. The court can interpret this as nothing other than a general objection to the Magistrate Judge's recommendations with no mention of or attempt to develop specific reasons for why Judge Patti erred in his suggested findings. "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). Because Plaintiff raises no specific objections to Judge Patti's R&R, but merely repeats her brief *word for word*, Plaintiff has waived

those objections. *See Janney v. Comm'r of Soc. Sec.*, No. 3:13CV399, 2014 WL 1117826, at *1 (N.D. Ohio March 19, 2014). Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. # 20) are OVERRULED and the Magistrate Judge's report and recommendation (Dkt. # 19) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 14) is DENIED and Defendant's Motion for Summary Judgment (Dkt. # 18) is GRANTED.

       S/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: March 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 27, 2018, by electronic and/or ordinary mail.

       S/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (810) 292-6522